UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JORGE QUINTERO-RIBOTA (A# 222-615-491),<br>Petitioner,<br>v.<br>WARDEN, CALIFORNIA CITY,<br>Respondent. | No. 1:26-cv-08987 DAD SCR<br><br>ORDER |

Petitioner, an immigration detainee who is proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. By this order, the undersigned will set a schedule for the briefing of the petition.

Accordingly, IT IS HEREBY ORDERED that:

1. Petitioner is provisionally authorized to proceed in forma pauperis, subject to Petitioner filing an application to proceed in forma pauperis **November 20, 2026.**

2. The Clerk of the Court is directed to serve Petitioner with an application to proceed in forma pauperis which Petitioner shall complete and return to the court.

3. Respondent is directed to show cause why the writ should not be granted by filing an answer/return within seven (7) days from the date of this order. See 28 U.S.C. § 2243. Respondent shall include with the answer/return any and all transcripts or other documents relevant to the determination of the issues presented in the application. Petitioner shall have three (3) days from the date of Respondents' answer/return to file a reply/traverse.

4. Absent a further order of the court, the petition will be taken under submission after the filing of the rely/traverse.

5. Respondent's failure to address a substantive claim for relief presented in the § 2241 petition may be construed as a lack of opposition to granting relief by the Court. See Local Rule 230(l); Siang v. Chiang, 2025 WL 4058328, at *4 (C.D. Cal. Dec. 15, 2025) ("The court construes the government's failure to address this argument as a concession to Petitioner's argument.").

6. In order to ensure this court's jurisdiction to resolve the pending § 2241 petition, Respondent shall not transfer Petitioner to another detention center outside of this judicial district, pending further order of the court. See 28 U.S.C. § 1651(a) (establishing the All Writs Act which empowers the federal courts to "issue all writs necessary or appropriate in aid of their respective jurisdictions…."); see also F.T.C. v. Dean Foods Co., 384 U.S. 597, 604 (1966) (emphasizing that federal courts have the power to "to preserve the court's jurisdiction or maintain the status quo by injunction pending review of an agency's action"). This order does not prohibit the temporary transfer of Petitioner outside of the District for urgent medical care, though Petitioner shall be returned to the District upon the conclusion of such care. As soon as practicable, Respondents shall notify the Court of any such medical transfer.

7. In the event Petitioner obtains an immigration bond and it is paid resulting in release, Petitioner shall inform the court as expeditiously as possible in order to conserve its limited judicial resources. For the same reason, Respondent shall inform the court as expeditiously as possible in the event a travel document is obtained for Petitioner that will result in Petitioner's imminent removal from this country. Either party shall update the court by filing a Notice of Changed Circumstances that informs the court of the particular circumstances that have changed.

DATED: November 6, 2026

SEAN C. RIORDAN
UNITED STATES MAGISTRATE JUDGE